Good morning. Welcome to everyone here today. The first case on our call of the docket today, Tuesday, September 17, 2013, is agenda number 10. Case number 115152, Rhonda Bartlow et al., Appellants v. Joseph Costigan. Counsel for the appellant, please proceed. May it please the court. My name is Jana Yokum and I represent the plaintiffs in this case. The plaintiffs are roofing contractors, Rhonda and Jack Bartlow doing business as Jack's Roofing, and also two roofing subcontractors who have joined as plaintiffs to contest the constitutionality of the Employee Classification Act. The Employee Classification Act became effective on January 1st of 2008, and nine months later my clients, Rhonda and Jack Bartlow, were sent a notice of investigation, and complied with the investigation, and 18 months later were served with notice of preliminary determination, stating that they were potentially liable for a $1.6 million fine for alleged misclassification of their employees. A couple of weeks later they received a notice of a second investigation, which could subject them to criminal penalties. We filed the original complaint in March of 2010, alleging the unconstitutionality of the statute on due process grounds and equal protection grounds and bill of attainder grounds and special legislation grounds. The complaint, the original complaint and the subsequent amended complaints all were verified by affidavit, and the complaints alleged compliance with all of the provisions of the Act. And they were verified by affidavit because the contractors could not attest on personal knowledge to all of the elements of the Act, but the subcontractor plaintiffs then attested to the remaining requirements of the Act that was within their personal knowledge. The affidavits were also appended to the motion for summary judgment. The Department did not deny any of the allegations in their answer, and those allegations are part of our constitutional challenge because the Act is impossible to defend. If these people are complying with all of the provisions of the Act and yet are subject to a quasi-criminal penalty, that violates the Constitution on all of the grounds that we have alleged. Counsel, can I ask you about House Bill 2649? I know in your reply brief you talk about just giving a prospective application, but just factually, at least the notes I have, it was enrolled on May 23rd, 2013, and it was approved on July 23rd. So has it become law? It has become law, but it is not as effective a date as January 1st of 2014. Right. And we've been granted leave to provide supplemental briefing on the issue of the effect of that Act. Right. And your position is it should apply prospectively only? to this plaintiff because of the manifest injustice with regard to the procedural posture of her case and of their case. Is it your understanding that it was enacted to correct the perceived deficits in the procedures set forth in the 2008 version? I believe that they were trying to address the deficiencies in the law, but they didn't address all of the deficiencies in the law. And the only way this could be applied retrospectively is if all of my client's constitutional rights are addressed in the law and they are not. Yeah, that's what I want to get to. Do the amendments render the Department's decision in this case a nullity if we find retroactive application? And let me tell you where I'm going there, because if it is applied retroactively in light of those amendments, can the Department even seek enforcement in the circuit court if it's applied retroactively? Against my clients? Yeah. If it's applied retroactively, let me make sure I understand your question correctly, sir. You're asking if it's applied retroactively, if they can seek enforcement against my clients in the circuit court? Right. Because I know you say all the deficiencies haven't been corrected, but there are procedures in the new act that there weren't in the old, right? You'd agree to that? Right. They've added procedures that were missing in the original act, yes. Okay. And that is an issue. Whether those procedures can be applied retroactively and to cause my clients to be subject to an administrative proceeding after they've already been through all of this litigation and now to say, okay, you're right, you're entitled to a hearing, okay, we'll give you a hearing. But even then, it doesn't address all of their rights. And even then, even if you do that, there's a collateral estoppel argument that compliance with the act has been undisputed. So why require them to do that? That doesn't make sense. And it doesn't address all of their constitutional allegations that were raised on this complaint. And so the case would have the statute, the previous statute would have, the previous claim would have to be moved in order for the new procedures to apply. And all of that's addressed in my reply brief, and there was limited time and I didn't see the actual statute that was enacted at the time. But I think there are serious questions with the idea of retroactive application as to my clients, because of their vested rights that have taken, that have been secured in this litigation. Okay. Thank you. In the trial court, the issue of whether this was a facial or an as-applied challenge was addressed. And the department's argument was, well, this is an as-applied challenge, because in my complaint, I asked for injunction as to these plaintiffs. And I said, well, no, I want to do a facial challenge here, because I don't, these plaintiffs don't have standing to request injunction as to everybody. And so the trial court said, no, okay, we're going to go as a facial challenge, and we didn't waive our as-applied remedy. And it was specifically preserved in the order. And the department did not raise, did not question the allegations of the complaint that alleged compliance with all of the requirements of the Act. They didn't deny those allegations. They haven't provided any, they had superior access to all of the evidence, and they could have said, hey, no, this is an as-applied challenge, because you're saying you complied with everything, and you didn't, there's no evidence of noncompliance here, or they would have raised it, and they should have if there were any. And they didn't. So these issues have been resolved. It's undisputed facts. These are cross motions for summary judgment, and these are undisputed facts, the compliance with the Act. I'd like to concentrate a little bit on the vagueness question. The, whether a statute reaches constitutionally protected conduct is an issue in a vagueness challenge, and the Illinois Supreme Court has limited that to First Amendment concerns, but the United States Supreme Court has said that any constitutionally protected conduct could be considered on a vagueness challenge, and we've got some constitutionally protected conduct alleging the fundamental right to work in the common occupations of the community, which has generally only been addressed in the equal protection arena dealing with aliens, but that argument is, on behalf of the aliens, that the aliens are equally, or have equal right to that protection as native citizens, and so that just assumes that native citizens have this right. And so that's the right that Ryan Toll and Eric Modulin are asserting, and that is relevant to the constitutionally protected conduct as part of the vagueness challenge. The statute is still unconstitutional on vagueness grounds, because it impermissibly vague in all of its applications. Because it's a quasi-criminal statute, there's no Siena requirement for the civil penalties, and the Siena requirement that's alleged by the defendant for the criminal penalties is seriously disputed. They take the Siena requirement, they take the willfulness portion of the act, and that willfulness statute applies a preponderance of the evidence standard in the case of a determination of willfulness by the department to assess double penalties and punitive damages. And that is not a Siena requirement for a criminal violation. And a subsequent violation is a mandatory debarment with no criminal trial, and it's a class 4 penalty. The procedures are just not there. And the vagueness permeates the text, because there's no standard. The violation is governed by the conduct of other people. And there's no fair notice, because it prohibits construction subcontractors when the statutory language provides factors that suggest that if you comply with all these requirements, you can hire subcontractors. And so that makes there a requirement. The purpose of this act is to prevent employers from treating de facto employees as independent contractors and denying them benefits. And the plaintiffs have never questioned that that's something that the legislature can certainly address. There's a concern that we need to address that nobody ever wants to regulate a business any way it wants to regulate a business unless it violates the Constitution. And that's what the cases that disavow Lochner say. And we don't want to go anywhere close to Lochner. And the way to avoid going anywhere close to Lochner is to, I think, for purposes of where we are at this point in litigation, is to just not talk about rational basis at this point. And that's, and certainly if a statute lacks rational basis, it's not constitutional, and it would probably be okay from a Lochner standpoint. But we don't want to go there. And none of the cases that, there's not, there aren't any cases that go there, and we don't want to go there. We want to talk about whether strict liability is necessary in this case. And you don't even have to go there, because the statute is so defective in all of the other areas. We don't even have to talk about any fundamental rights here. We have to talk about basic lack of standard, lack of fair notice, lack of procedural due process. Counsel, I just, I'm not quite sure I'm following your argument. But let's just start with the vagueness challenge to the standards. And there are, you know, many, many factors that are set out in the statute specifically. And your argument that they're vague and therefore they, you know, couldn't be more vague. Well, it's, they, they, they thought they were complying with all of the provisions. Then what is your vagueness? The vagueness is that, well, for instance, the sub, a contractor is held liable for if a subcontractor lacks sufficient capital. The sufficient capital is held responsible for if, but the main thing is that the subcontractor's lack of sufficient capital for which the contractor is held responsible. That's the problem. And then But this is my confusion. You say, your first argument is vagueness. That's what I'm trying to nail you down on here. And yet in your brief you say that the language of the statute is unambiguous. Correct? That's what I say and that's what I mean. Okay. Then if the language is unambiguous, how is it vague? Unambiguous is a term of art applied to statutory construction analysis regarding if there are two viable constitutional constructions to the statute under consideration and which of the two viable constructions to apply. In this case there's really only one construction. And it was, it's set forth in the early arguments from the department. And that's the department's construction was consistent with the language of the statute. The Bartlow one court construed it that way. We have always construed it that way. And the Supreme Court has said it's not okay for appellate counsel to adjust the construction of the statute for the purpose of winning their lawsuit. We need, the department is the entity to which we're supposed to defer here. And the department's construction is evidenced throughout the trial court proceedings. And the language for statutory construction purposes is not ambiguous. And with regard to the department's position and statement that preventing employee, that the purpose of the act is to prevent employee from treating de facto employees as independent contractors and denying them benefits, nothing in the law requires the assumption that the plaintiffs in this case are doing that. And they're denying that they're doing that. And this, and we request that the determinations below be reversed in the case remanded with instructions. Just one question. Is your analysis on equal protection and special legislation included in your brief? Yes, it is. I addressed it very briefly in the brief. And it deals with treating construction industry contractors differently from the contractors as a matter of law and all three. And in fact, the director is entitled to judgment, even if there were no presumption of constitutionality. Even if this court had no duty to construe the statutes, you know, the statutory scheme here is constitutional if it's reasonable to do so. And it is eminently reasonable to do so. To start with the due process aspect, there has to be under the current statute before January 1st of 14, there is the department, as Bartlow District, agreed that there is, the department has only currently investigatory powers. It adjudicates nothing. It makes no fact-finding. It imposes no penalties. To get a penalty, it must go to the circuit court. Let me just stop you there. But it gives the department investigatory powers, for sure, which you're highlighting. But it also gives the department the power to assess civil penalties, right? But the assessment doesn't mean impose. I mean, you have to pay attention to the wording that the General Assembly... Right. I know. It's true that the civil penalties are recoverable in an action in the circuit court. Right. Only in the circuit court. But would you agree there is a total lack of procedure for what the board does in the first place to get to that point? Well, I wouldn't agree that there's a total lack of procedure, because they have informal, there's the informal hearing, the, you know, counsel, the plaintiffs submitted 754 documents during the, during the administrative investigatory process. But again, you don't need a hearing unless you're going to deprive somebody of something. And the department's no consequences... Doesn't the appellate court's notation that the board's actions are of no consequence significantly rewrite the statute to say that what the board does is of no consequence based on what we've just been talking about? Absolutely not. Because that, I mean, the department itself cannot get the money for, say, a penalty that it assesses. And by assessing, what it does is it says, this, this contractor, for example, this contractor has one penalty. We've talked to them many times. They keep doing the same thing. We're going to, remember, the penalties are not to exceed penalties. So, so for example, a contractor who unwittingly treats an employee as an independent contractor might get, might be assessed no penalty. And therefore, you know, maybe the department wouldn't even go to enforce it to a circuit court proceeding, because there would be really maybe no reason to. No problem with process, as long as they're judge and jury, as long as they stop a step short of execution. Correct. I mean, that's, yes, exactly. Because due process, remember, due process, you need process if you're depriving somebody of life, liberty, property. And if you're not depriving anybody of something, you don't need notice in a hearing. All that happens here, it's just like the Wage Act, it's just like, you know, the, I think the Environmental Control Act and so on. It's just an investigation. And what they do is they go in and they say, we've talked to people, we've got a complaint, we talked to people, we looked at your documents, and, Mr. Contractor, we believe from everything that we've come across, that you, that these people are really your employees. Because, for example, you tell them what to do every day, they have to do everything you say that they do. They don't get any permits, they don't have any licenses, you know, whatever the criteria are. And so, but, you know, and you could be liable, as happens here. We'll make a preliminary notion that you could be liable for up to so many dollars in a fee, but a penalty, you know, civil fine. But let's talk about it. And... I'm not going to justify this argument, because plaintiffs, plaintiffs asked only for prospective relief and a facial challenge. And so, you know, they say that we didn't dispute, for example, the facts that they allege about compliance, but there are a couple problems with that. First of all, what we said was we don't have enough information to, when we answer the complaint, to admit or deny those facts. And on summary judgment, as a facial challenge, those facts were immaterial. So we didn't, you know, so there were, you know, we didn't have to create a factual dispute. We, you know, the parties agreed during summary judgment that there didn't need to be an evidentiary hearing, because there were no factual questions in a facial challenge. So again, so with regard to the, what would happen on January 1st, to say to the plaintiffs here. What would happen, what could happen on January 1st is that, well, to any contractor, is that the department would have to make a decision. The department could issue them the notice that the new statute requires and say, you know, this is why we think, similar, I believe, to what the preliminary findings, investigative findings were here. We believe that you hired this guy on this date at this job, and for these reasons, because you did all the scheduling, because you pulled the permit, because you did all of these things, we believe that he is not an independent contractor. He is, in fact, your employee, and, but we're scheduling a hearing for you, an administrative hearing for you. And then the administrative process, you know, an administrative hearing with all the, you know, the panoply of, you know, procedural safeguards. I'll ask you the same question that I asked Ms. Yocum then. If we find that the new procedures are retroactive, does, in this case, it render the new procedures irreversible? Or does it render a nullity, as far as the board is concerned, because you couldn't seek enforcement in the circuit court on the record developed, because you did not follow the process under the new law? I'm not really sure I understand your question. Okay, if it's given retroactive application, there are new procedures put in place, right? Right. And the board can test that they didn't comply with, right? Right. So what does that do to your action? Is that rendered a nullity? Is there nothing to enforce because the board didn't comply with the procedures that this court would mandate had to be complied with? I'm sorry. Are you saying that if the court says that those procedures were required, I mean, if it decides the case, say, before the end of December, if this court decides the case before the end of December and assesses the constitutionality of the current proceedings? Or, there's an effective date, but my understanding is the new law has been set. January 1st. Yeah, yeah, yeah. And it's effective January 1st. Correct. If it's given retroactive application to this case, is there no impact to that? Well, let me say this. First of all, procedurals, as the reply brief admitted, procedural rules may have retroactive effect. It's substantive rules. You know, for example, in the Title VII case that the plaintiff cited. Yeah, we don't have to get into whether it's retroactive or whether it's prospective. If it's retroactive, does it have any impact on your argument today and how it would affect this case? Well, I think it would have, whether you decide that it would have retroactive effect or not, wouldn't have any effect on this case because what could happen is that the department would have to decide that the department, starting January 1st, could give them a notice, say we believe that you violated the act in the ways that we've already told you, and we're referring this matter for a hearing. Okay. So it would just then go on with the procedure as now mandated in the new law? Correct. Correct. All right. Correct. Excuse me, Ms. Walsh. If there was an enforcement hearing, as the scenario that Justice Thomas spoke of, what degree of deference should be given to the department finding at the hearing? Well, now, you mean at the administrative hearing before the ALJ? Is that what you mean? Yeah, if there was an enforcement hearing. Before an ALJ after the first of the year? Yes. Well, that would be when the department's findings would be made by the ALJ. Again, so far... So how much deference should be given to the department? Well, if the ALJ comes up with a final administrative decision that's subject to review under the administrative review law, then it would get the same amount of deference that any final administrative decision gets, which would be that the department's, the ALJ's factual findings would be prima facie true and correct, and, you know, the decision would have to be upheld unless it was, you know, contrary to law. Okay. Can you point to anything in the Act now which indicates that the department must file a suit in circuit court to enforce a violation, a finding, penalties or fees? Well, yes. It says that in, I think it's section 25, it says that the civil, these remedies may be enforced by going to the circuit court, and that's the only enforcement mechanism. And that's, that reinforces the notion that under the current statute, the department has only investigatory powers, because there's no other way to enforce any of its findings currently. But after the first, then, you know, then it sort of falls in line with the, you know, what we think of as the normal administrative decision-making process. I understand the department has the ability to debar a contractor from participating if it finds there's been more than one violation. Is that, can the department do that without going into the circuit court? Currently? Yes. No, what happens, again, the department's determination for debarment under the current statute would occur, you know, it's a ministerial act that once there's a judgment that there have been more than, that there's been more than one violation. Who makes that judgment? I'm sorry? Who makes that judgment? The circuit court judgment. Once there's been a circuit court judgment. So you're saying it takes a circuit court judgment before the department can debar? Right, under the current statute, correct. Correct. Any significance, counsel, that Section 25 of the Act is entitled enforcement or not? I'm sorry? Any significance to the fact that Section 25 of the Act is entitled enforcement? Well, remember that in terms of statutory construction, those titles have no significance. So, no, I guess is the answer to that question. Yeah. Because within the body of the statute, it explains that the department has to, you know, recommend to the attorney general's office or the state's attorney, as the case may be, you know, to start, you know, to commence an action, which is how it operates now. If I may, I'd like to move on to the vagueness question. And as the Court indicated earlier, if the statute, if plaintiffs say the statute is unambiguous, it is difficult to understand how it could also be vague at the same time. And, in fact, it's even more difficult to understand how the plaintiffs can have attested to, both in their complaint and in their affidavits, have attested to not every, but almost every, provision in the Act that defines a sole proprietor or sole partnership, sole proprietor partnership, and then say we can't possibly understand what this means. And so, you know, the very fact that they were able to sign an affidavit attesting to these particular facts would indicate that they, at the very least, understood, as every person of reasonable intelligence would, what the statute means. And there were very few of the particular provisions that the plaintiffs identified in their briefs as being unconstitutionally vague. And, in fact, I think one of the most, the more important things, though, is that the plaintiffs have never attested, none of the plaintiffs has ever attested to two of the provisions in the statute and the rule about direction and control, and one is about permits. You know, none of them have identified, no plaintiffs identified who pulls the permits, and the subcontractor has to pull the permit in order to be considered the individual who's doing the work, who's either an independent contractor or an employee. To be a non-employee, they have to be the person who pulls the permits, and no one has identified who does that. And also the very important point is, in direction and control, is how does the work get assigned? How does it get scheduled? Is there a quota? And none of the plaintiffs have attested to that, and those are very straightforward requirements. You know, you can tell who's doing the assigning, who says go to this job, go to that job, who says do this job first, do that job second. I mean, you know, either you have control of those things or you don't, and those are, you know, certainly a contractor knows if he's the one who's saying you do this job first, and I don't care what you want to do. And so these things are in fact, you know, as the district court, as the Fifth District found in Part 2, these 12 criteria for sole proprietor, you know, legitimate sole proprietor partnership are extremely detailed. And in fact, the direction and control rule comes, you know, it's as counsel, you know, as the plaintiff's brief admitted, the direction and control criterion is very longstanding in Illinois. People understand what it means. The substantial investment criterion comes from carpet land, this Court's decision in carpet land, that it's one of the indicators for whether you are, you know, a contractor or whether you're really just a laborer. And this, you know, and for one contractor in a certain field it might be more, for another it might be less. For example, for a plumber, because you have to have a lot of heavy equipment, you have to have your supplies, you have to have something, so you would have a larger investment maybe than, you know, than a guy who does tile work only because you don't have to have as many supplies, you know, for various reasons. But still you have to have some kind of investment other than your, you know, your car and your tools. And this, you know, there might be close questions. Somebody might say, well, you know, it's thousands, you know, we know that a million dollars is a substantial investment. We know that one dollar is not a substantial investment. Where somebody falls in the middle just because there are close questions does not make a statute unconstitutionally vague. And again, with regard, you know, although as the Fifth District said, although a contractor might not know initially whether a subcontractor, proposed subcontractor files, you know, his tax returns properly, he can ask, he can make them a precondition of working for the contractor. Lastly, I see I'm almost out of time. I want to, if I may, move to the equal protection. Again, this is a facial challenge. And in the appellate court, the plaintiff, you know, the plaintiff said there's no need to decide whether this is strict scrutiny. So they cannot raise it now on, you know, in this court for the first time. The rational basis test is very deferential. It's used for economic regulation like this. There, you know, there is no fundamental right to economic autonomy. You know, fundamental rights are really about substantive due process and the right to marry and bear children and parental rights and so on. The legitimate government interest the plaintiffs concede is employee protection. If you're not an employee, you're not protected by workers' comp, you're not protected by the ADA, you're not protected by Title VII, you're not protected by a whole panoply of employee rights. And in addition, with regard to the equal protection claim, plaintiffs have never explained how construction is similarly situated to other fields. And in fact, the GAO, the 2009, the post-enactment GAO report that they talk about, the plaintiffs talk about in their reply brief, in fact, on one page that something, OSHA reported that something like 80% of sites visited, construction sites visited, had misclassification. 80%. That is exceptionally high. And in fact, even in their, in the 2009 GAO report, the plaintiffs' math in their reply brief is a little off because they say that the 3.4 million employees were misclassified. In fact, that's only 15% of the misclassified people. So when you redo the math with the correct figures, you know that it's enough. Is it your position that equal protection special legislation was not addressed in the briefs before us? Yes, it is pretty much right, because it appeared to me that the opening brief was not addressed. We've tried to adopt the appellate court briefs, and that's not permitted. And that the... Thank you. Thank you. And we ask the Court to affirm. Thank you, Ms. Wall. Reply? Counsel, if we cannot find your position on equal protection special legislation, is that issue forfeited before us? May I check my brief? I was looking for it when you asked the question. I believe I preserved that issue throughout this process, and I didn't have a lot of pages to address it, but I believe it was preserved, even if it was a footnote, and a strict scrutiny argument was preserved throughout this process. I don't believe I forfeited the equal protection substantive due process or special legislation issue at all. If not addressed, is it forfeited? If it's not addressed in the opening brief. But it is addressed in the opening brief. Thank you. With regard to... When I said no need to decide in the appellate court the strict scrutiny, I said if there's no rational basis, there's no need to decide strict scrutiny, and then I preserved the strict scrutiny issue. I think she's exaggerated this forfeiture thing, and that issue was not forfeited. The no attestation to direction and control, they attested to each element of the independent contractor test dealing with direction and control in the regulations. So they didn't say direction and control in their affidavits, but there are 10 or 12 elements in the regulations that define direction and control. And those elements were attested to. With regard to the permit, who pulls the permits, I'm not sure that was part of the regulations at the time that they put forth their affidavits. And how the work is scheduled, I just checked, it was attested to in their affidavits. The question from Justice Thomas about whether following the new procedure is a nullity, and I understand his question now. I believe he's right that the complaint would have to be filed 120 days after the notice is given, and the procedures would have to follow a timeline, and those procedures were not followed. And so applying the new act, arguably, would not negatively affect the compliance of the new act. It would affect my clients if that were the way it was construed. The enforcement section, the statutory construction canon indicates that if the legislature included the title, that it would be part of the legislation. And the website, the legislative website, includes the titles. But that isn't really all that important, because the body of the statute says that it's the duty of the department to enforce the statute. So I don't know why that's even a question. With regard to the as-applied issue, as-applied became an issue because of the way the department has proceeded in this case. It started as, well, of course, if you're going to, you know, of course it's a facial challenge. But the responding to how they've proceeded in the case has brought as-applied issues to bear. And so I don't think, I think that's a consideration for this Court. If the Court wants to grant as-applied relief, that's available, although I still think it's a facially invalid. Well, counsel, are we not limited to the challenges you bring to us? The argument that I heard was that you made a facial challenge. The burden is on the one challenging the statute to lay out if it's a facial challenge or an as-applied challenge. Well, the, there are cases where a facial challenge is brought and the Court decides to grant as-applied relief. And then because of the way it was presented, where they changed the construction of the statute midstream, and the appellate court actually allowed them for the first time on appeal to adopt a new construction of the statute, and we're even listening to it here, that's as-applied. That's an as-applied problem, and that's what we're, I mean, that needs to be addressed. And so it's just a different animal. It's not like, we create a very careful record in the trial court, and we did that on purpose, and that issue came up to this Court immediately in May of 2010. And they wanted to bring this issue then, and I said, no, we need a record in the trial court before we can do that. And you said yes, and so we created a record in the trial court. And then that record was not really part of the appellate proceeding as far as they were concerned. And so, yeah, it's kind of mixed up. And sure, my complaint is a good one, and I think there's a facial violation. And we made that a, we had a good case in the trial court, but that's behind us on the appeal, because they've changed the construction that they're applying, and there are a whole bunch of new issues now that need to be addressed. And there's as-applied relief on the table. And we request that our clients have their constitutional rights protected. Thank you. Case number 115152, Rhonda Bartlow et al, etc., Pellance v. Joseph Costigan, etc., appellate is taken under advisement as agenda number 10, Ms. Shoken, Ms. Walsh, we thank you for your arguments today.